# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Thomas Frangos

    v.

The Bank of New York Mellon,
as Trustee for the Certificateholders of
CWABS, Inc., Asset Back Certificates,
Series 2005-AB2, et al.

Civil No. 16-cv-436-LM
Opinion No. 2017 DNH 216

# O R D E R

Plaintiff Thomas Frangos brought suit in state court against Defendants The Bank of New York Mellon, as trustee for the Certificateholders of CWABS, Inc., Asset Back Certificates, Series 2005-AB2 ("BNY"), and New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), seeking to enjoin the foreclosure sale of his home. BNY and Shellpoint removed the case to this court. Plaintiff subsequently amended his complaint to include additional allegations and claims, and to add Bank of America, N.A. ("BOA") as a defendant. Plaintiff has filed a motion to stay proceedings and a motion to join the Frances Ann Frangos 2002 Revocable Trust u/t/d March 12, 2002 ("Trust") as an indispensable party. Defendants object. For the reasons that follow, the court denies both of plaintiff's motions.

## BACKGROUND

In late April 2005, plaintiff executed a promissory note in favor of Optima Mortgage Corporation ("Optima") in exchange for a loan of $599,000. The note was secured by a mortgage, which plaintiff and Frances Frangos, his wife, executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Optima. The mortgaged property is located in Portsmouth, New Hampshire.

The parties disagree over the chain of title to the property. In his complaint, plaintiff alleges that, by virtue of an April 2003 deed, the Trust holds title to the property. Disputing this allegation, BNY and Shellpoint point to a quitclaim deed dated May 2, 2005, in which plaintiff, as trustee of the Trust, conveys the property to plaintiff, "a married man." Doc. no. 27-6 at 2 of 5. Based on this quitclaim deed, it appears that plaintiff obtained title to the property shortly after the mortgage was executed. In response, however, plaintiff claims that (1) he was never trustee of the Trust, so the May 2, 2005 deed is invalid; and (2) regardless, there is a third deed, dated May 15, 2005, "return[ing] the real estate from [plaintiff] individually to himself as trustee of the Trust." Doc. no. 46 at 2.

In any case, in November 2007, plaintiff filed for Chapter 7 bankruptcy. During that proceeding, plaintiff and Countrywide

Home Loans, Inc. ("Countrywide"), then the servicer of
plaintiff's loan, executed a reaffirmation agreement. In the
agreement, plaintiff reaffirmed the outstanding debt on his
mortgage loan. The bankruptcy proceeding closed in January
2009. At some point in 2009, plaintiff stopped making mortgage
payments. See Frangos v. Bank of America, N.A., 826 F.3d 594,
595 (1st Cir. 2016).

In 2011, BNY came to hold both the note and mortgage.
Meanwhile, the servicer of plaintiff's loan changed from
Countrywide to BOA, and then, finally, to Shellpoint. In 2013,
after negotiations over loan restructuring failed, BNY attempted
to foreclose on the property. Id. In response, plaintiff and
Frances Frangos filed suit against defendants in state court and
obtained a preliminary injunction barring the sale. Id.
Defendants removed the case to this court, and Judge Barbadoro
granted summary judgment in favor of defendants. See id. at
595-96. In June 2016, the First Circuit affirmed the grant of
summary judgment. Id. at 594, 597-98. The court refers to this
first action as "Frangos I."

In August 2016, BNY and Shellpoint notified plaintiff that
a foreclosure sale was scheduled for September 23. Plaintiff
again filed suit in state court and obtained an ex parte
injunction barring the sale. Defendants removed the case to
this court and then filed motions to dismiss. Plaintiff

thereafter filed the instant motions to stay and to join the
Trust as an indispensable party.

**DISCUSSION**

Both of plaintiff's motions are founded on his argument
that the mortgage is void because the Trust held title to the
property at the time the mortgage was executed.  He moves to
stay proceedings so that, in the bankruptcy court, he can seek
to invalidate the mortgage and reaffirmation agreement.  He
notes that the bankruptcy court has already granted his motion
to reopen his 2007 case on this ground.  Plaintiff further moves
to join the Trust as an indispensable party under Rule 19 of the
Federal Rules of Civil Procedure.  The court considers each
motion in turn.

I.   Motion to Stay Proceedings

Federal courts "possess the inherent power to stay [a case]
for prudential reasons."  Microfinancial, Inc. v. Premier
Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004).  The
pendency of related proceedings "can constitute such a reason."
Id.  A district court's discretionary power to stay "should be
invoked when the interests of justice counsel in favor of such a
course."  Id. at 78.  Relevant factors include "(1) potential
prejudice to the non-moving party; (2) hardship and inequity to
the moving party without a stay; and, (3) judicial economy."

4

*Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009); *see also Microfinancial, Inc.*, 385 F.3d at 78. The movant bears the burden of demonstrating that "a stay is appropriate." *Emseal Joint Sys., Ltd. V. Schul Int'l Co., LLC*, No. 14-cv-358-SM, 2015 WL 1457630, at *1 (D.N.H. Mar. 27, 2015); *see also Microfinancial, Inc.*, 385 F.3d at 77.

Plaintiff has failed to establish that a stay is appropriate under these circumstances. He has not argued that he will suffer either hardship or inequity in the absence of a stay. His sole argument is one of judicial economy. He asserts that if the bankruptcy court determines that "the reaffirmation agreement and the mortgage are invalid, many of [his] claims in this litigation will be or could be affected." Doc. no. 34 at ¶ 3. However, plaintiff does not explain how the bankruptcy court's determination on the invalidity of the reaffirmation agreement will resolve any of his claims before this court. Nor does plaintiff provide any reason why the bankruptcy court is the more appropriate or convenient forum in which to litigate the validity of the mortgage, especially given that BNY and Shellpoint are actively litigating that very issue as part of their pending motion to dismiss, *see* doc. no. 27-1 at 13-19. Plaintiff's argument regarding judicial economy is conclusory and therefore unpersuasive.

Moreover, there is a potential for a stay to cause prejudice to defendants, each of whom asserts an interest in the expeditious resolution of the action. Plaintiff has apparently not made a mortgage payment since 2009. See Frangos, 826 F.3d at 595. When BNY attempted to foreclose in 2013, plaintiff instituted Frangos I. See id. Defendants waited until June 2016 to receive a favorable decision from the First Circuit. Because defendants have already proceeded through a full round of litigation relating to the same loan obligation, their desire to reach the merits and to avoid further delay weighs against the issuance of a stay.

In contrast, the record shows that plaintiff has had approximately eight years since his discharge to seek relief in the bankruptcy court. Yet he only sought such relief after defendants filed their motions to dismiss. Considering this history, the court is disinclined to prolong this action while a new, parallel proceeding takes its course. Cf. Microfinancial, Inc., 385 F.3d at 79 (noting that "the foot-dragging that already had occurred gave the [district] court good reason for skepticism about the requested stay"). Because the interests of justice do not favor a stay, plaintiff's motion is denied.

II.  <u>Motion to Join the Trust under Rule 19</u>

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of required parties.  See <u>Picciotto v. Continental Cas. Co.</u>, 512 F.3d 9, 15 (1st Cir. 2008).  "The Rule provides for joinder of required parties when feasible, Fed.R.Civ.P. 19(a), and for dismissal of suits when joinder of a required party is not feasible and that party is indispensable, Fed.R.Civ.P. 19(b)."  <u>Bacardi Int'l Ltd. v. Suarez & Co., Inc.</u>, 719 F.3d 1, 9 (1st Cir. 2013).  "In a Rule 19 analysis, a court must first determine if an absent party is a 'required party' under Rule 19(a)."  <u>Id.</u> at 10.  The moving party bears the burden on this issue.  See <u>McCann v. Ruiz</u>, 788 F. Supp. 109, 121 (D.P.R. 1992) (quotation omitted)); <u>cf.</u> <u>J & J Sports Prods. Inc. v. Cela</u>, 139 F. Supp. 3d 495, 499 (D. Mass. 2015) (stating that party moving to dismiss claim under Rule 12(b)(7) for failure to join a required party bears the burden of proving that absent party should be joined).

Here, plaintiff invokes two provisions of Rule 19(a) to argue that the Trust is a required party.  Plaintiff first argues that in the Trust's absence, "the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Plaintiff next argues that the Trust claims an interest relating to the subject of this action such that disposing of the action without the Trust may "impair or impede

the [Trust's] ability to protect [its] interest." Fed. R. Civ.
P. 19(a)(1)(B)(i).

With respect to Rule 19(a)(1)(A), "[r]elief is
complete when it meaningfully resolves the contested matter
as between the affected parties." Watchtower Bible & Tract
Soc'y of N.Y., Inc. v. Municipality of San Juan, 773 F.3d
1, 13 (1st Cir. 2014). Put differently, if relief can be
effectuated between the existing parties without the
involvement of the absent party, the absent party is not
required under Rule 19(a)(1)(A). Id. (citing Williams v.
Fanning, 332 U.S. 490, 494 (1947)).

Although not entirely clear, plaintiff appears to be
arguing that, because the Trust owned the property at the
time the mortgage was executed, the court cannot
definitively resolve the issue of the mortgage's validity
without the Trust. But regardless of how that issue is
ultimately resolved, the remedies that plaintiff requests—
from the injunctive and declaratory relief to the requested
money damages—can be implemented without the Trust's
involvement. See id. at 14 (concluding that, because
remedial scheme crafted by court to address municipalities'
constitutional violations could be accomplished without
involvement of certain defendants, those defendants were

not required under Rule 19).  The Trust is therefore not a required party under Rule 19(a)(1)(A).

Likewise, with respect to plaintiff's argument under Rule 19(a)(1)(B)(i), the court does not agree that disposing of the action in the Trust's absence would, as a practical matter, impair or impede the Trust's ability to protect its interest in the property.  The First Circuit has held that "an absent party's interests cannot be harmed or impaired if they are identical to those of a present party." Bacardi Int'l Ltd., 719 F.3d at 11.  "In other words, an absentee is unlikely to be a [required] party if there is another party in the suit with virtually identical interests who would be advancing virtually the same legal and factual positions." Fed. Ins. Co. v. SafeNet, Inc., 758 F. Supp. 2d 251, 258 (S.D.N.Y. 2010); see, e.g., Bacardi Int'l Ltd., 719 F.3d at 11 (absent party not required because present party had identical interest in the confirmation of arbitration award); Charest v. Fed. Nat'l Mortg. Ass'n, 9 F. Supp. 3d 114, 132 (D. Mass. 2014) (mortgage servicer not required party under Rule 19(a)(1)(B)(i) where present party—the holder of the mortgage—had same interest "in avoiding Chapter 93A liability").

This principle applies here.  As plaintiff's allegations suggest, the Trust's interest would be in proving that the mortgage is invalid and that it holds title to the property.  Plaintiff shares the same interest: he seeks to invalidate the mortgage and avoid foreclosure by arguing that he did not, and does not, own the property. Plaintiff offers no other evidence or argument that indicates that his interests diverge materially from those of the Trust.

Accordingly, the Trust is not a required party under either provision of Rule 19.

**CONCLUSION**

For the reasons stated herein, plaintiff's Motion to Stay Proceedings Pending a Resolution in the Bankruptcy Court (doc. no. 34) and his Motion to Join Frances Ann Frangos 2002 Revocable Trust U/T/D March 12, 2002 (doc. no. 40) are denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 5, 2017
cc:  Kristina Cerniauskaite, Esq.
     Jonathan M. Flagg, Esq.
     Mary Ellen MacDonald, Esq.
     John Harold McCann, Esq.
     Joseph J. Patry, Esq.
     Michael P. Trainor, Esq.