UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Thomas Frangos

     v.                                    Civil No. 16-cv-436-LM
                                           Opinion No. 2017 DNH 232
The Bank of New York Mellon,
as Trustee for the Certificateholders of
CWABS, Inc., Asset Back Certificates,
Series 2005-AB2, et al.


                            **O R D E R**

    Before the court is a motion to dismiss filed by defendant

Bank of America, N.A. ("Bank of America").  Plaintiff Thomas

Frangos has brought a claim for misrepresentation against Bank

of America, alleging that it misrepresented the amount due for

one of plaintiff's monthly mortgage payments.[1]  Pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, Bank of

America moves to dismiss the claim.  Plaintiff objects.  For the

reasons that follow, Bank of America's motion to dismiss is

granted.

---

    [1] It is unclear whether plaintiff is also seeking relief
against Bank of America on Counts I and II (injunctive relief),
Count III (invalidity of mortgage), or Count V (declaratory
judgment and request for accounting).  Because Bank of America
no longer services the loan, these claims appear to be moot as
to it.  For this reason, the court reads the allegations against
Bank of America as limited to a claim for misrepresentation
(Count VI).

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**BACKGROUND**

In late April 2005, plaintiff executed a promissory note in favor of Optima Mortgage Corporation ("Optima") in exchange for a loan of $599,000. The note was secured by a mortgage, which plaintiff and Frances Frangos, his wife, executed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Optima. The mortgaged property is located in Portsmouth, New Hampshire.

In May 2009, Bank of America—then the servicer of the mortgage loan—sent plaintiff a letter, in which "it stated that

[p]laintiff owed $4,618.18 for th[e] month of May 2009." Doc. no. 20 at ¶ 21. According to plaintiff, this statement regarding the amount owed was a misrepresentation, because "he in fact owed only $1,773.08." Id. at ¶ 74. Plaintiff further alleges that he relied on this misrepresentation to his detriment "because it caused him to believe that the lender increased the monthly payments by more than $1,000 which he could not afford to pay." Id. at ¶ 75. As a result, Bank of America's misrepresentation allegedly "forced [him] into default which ultimately resulted in initiation of foreclosure proceedings." Id. at ¶ 76. He seeks damages for, among other things, his emotional distress, late fees, property management fees, and foreclosure costs.

**DISCUSSION**

Bank of America moves to dismiss the claim for misrepresentation (Count VI). Bank of America raises a number of grounds supporting dismissal, but its argument that the economic loss doctrine bars the claim is dispositive.

As an initial matter, in his complaint, plaintiff does not specify whether the claimed misrepresentation was intentional or negligent. See doc. no. 20 at 10 of 14. The court construes plaintiff's claim as one for negligent misrepresentation, given that plaintiff makes no allegation that Bank of America knew the

3

statement was false or acted with conscious indifference to its truth, a necessary element of a claim for intentional misrepresentation. See Tessier v. Rockefeller, 162 N.H. 324, 332 (2011) ("The tort of intentional misrepresentation . . . must be proved by showing that the representation was made with knowledge of its falsity or with conscious indifference to its truth . . . .").

Under New Hampshire law, the elements of a claim for negligent misrepresentation "are a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff." Wyle v. Lees, 162 N.H. 406, 413 (2011). Even if a party sufficiently pleads a claim for negligent misrepresentation, however, the party may be barred "from recovering in tort under the economic loss doctrine." Julius v. Wells Fargo Bank, N.A., No. 16-cv-516-JL, 2017 WL 1592379, at *4 (D.N.H. Apr. 28, 2017).

"The economic loss doctrine is a judicially-created remedies principle that operates generally to preclude contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship."[2] Wyle, 162 N.H. at 410 (quotation and internal

---

[2] Although plaintiff also alleges damages for emotional distress in relation to his negligent misrepresentation claim, "plaintiffs cannot recover damages for mental and emotional

4

quotation marks omitted).  Consequently, "the economic loss doctrine bars negligent misrepresentation claims in a traditional borrower-lender contractual relationship." Mader v. Wells Fargo Bank, N.A., No. 16-cv-309-LM, 2017 WL 177619, at *3 (D.N.H. Jan. 17, 2017).  New Hampshire law recognizes two exceptions to the doctrine: "[t]he first . . . arises when the alleged negligent misrepresentation induced a contracting party to enter into the contract," and the second "applies in limited circumstances where a negligent misrepresentation is made by a defendant who is in the business of supplying information." Julius, 2017 WL 1592379, at *4-5 (quotation, brackets, and internal quotation marks omitted).  Importantly, the second exception covers only a misrepresentation that relates "to a transaction other than the one that constitutes the subject of the contract." Schaefer v. Indymac Mortg. Servs., 731 F.3d 98, 109 (1st Cir. 2013).

Here, plaintiff's claim rests on a negligent misrepresentation allegedly made in the course of performance of the loan agreement, and therefore falls within the scope of the economic loss doctrine.  See Dionne v. Fed. Nat'l Mortg. Ass'n, No. 15-cv-056-LM, 2016 WL 3264344, at *13 (D.N.H. June 14, 2016)

---

distress in a claim for negligent misrepresentation." Crowley v. Global Realty, Inc., 124 N.H. 814, 818 (1984).

(economic loss doctrine applied to misrepresentations related to mortgagee's and servicer's "attempts to collect the . . . mortgage debt"). Moreover, neither of the exceptions to the doctrine applies. The first exception does not apply here, where plaintiff is alleging that the misrepresentation occurred in the course of performance of the contract. And the second exception cannot apply, because the misrepresentation relates to a transaction that constitutes the subject of the contract. See Schaefer, 731 F.3d at 109.

Plaintiff responds that the economic loss doctrine does not apply because Bank of America, as the servicer, was not a party to the loan agreement. This court has previously considered, and rejected, this exact argument. See [Bowser v. MTGLQ Inv'rs, LP, No. 15-cv-154-LM, 2015 WL 4771337, at \*2 n.2 (D.N.H. Aug. 11, 2015)](#) (rejecting argument based on lack of contractual privity because servicer's duties sufficed to create agency relationship with lender). Accordingly, the claim is barred by the economic loss doctrine, and the court dismisses Count VI of the complaint. As a result, plaintiff's request for attorney's fees pursuant to the loan agreement (Count IV) is dismissed to the extent that it pertains to Bank of America.

## CONCLUSION

For the foregoing reasons, defendant Bank of America, N.A.'s motion to dismiss (doc. no. 30) is granted.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 27, 2017

cc: Counsel of Record